UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   CRIMINAL NO. 05-80810
 Plaintiff,   HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

 Defendants.
_____/

**OPINION AND ORDER DENYING MOTION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 23, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Jackson's motion to dismiss counts 9 and 10 of the superseding indictment. The Government has responded to the motion. For the reasons set forth below, Jackson's motion is DENIED.

**II. ANALYSIS**

Count 9 of the superceding indictment states:

That on or about April 15, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," and D-4 JAMES JACKSON, a.k.a. "Ziggy," defendants herein, did unlawfully use Nextel Communications and Cingular Wireless Cellular Services, both communication facilities, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1). All in violation of 21 U.S.C. § 843(b).

Count 10 states:

> That on or about April 3, 2005, said date being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere, D-4 JAMES JACKSON, a.k.a. "Ziggy," defendant herein, did unlawfully use Nextel Communications and Cingular Wireless Cellular Services, a communication facility, to commit an act or acts constituting a felony, to wit, conspiracy to possess with intent to distribute and to distribute controlled substances, contrary to the provisions of Title 21, United States Code, section 841(a)(1). All in violation of 21 U.S.C. § 843(b).

Jackson argues that counts 9 and 10 must be dismissed because they fail to state an offense.

A valid indictment "must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces." *U.S. v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992). "Generally, the test is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *U.S. v. Koehler*, 77 Fed. Appx. 306, 307 (6th Cir. 2003). Furthermore, if a defendant waits until after jeopardy attaches to challenge the indictment, the indictment is read liberally, and the defendant must meet a higher standard to have it dismissed. *U.S. v. Bright*, Nos. 94-5166, 94-5167, 1995 U.S. App. LEXIS 4706 *7, *8 (6th Cir. 1995).

In the instant case, Jackson waited until jeopardy attached before challenging the indictment. Thus, the Court will construe the indictment liberally. Jackson first argues that counts 9 and 10 do not properly charge him with using a communication facility, because they refer to Nextel Communications and Cingular Wireless Cellular Services, which are companies and not phones. This claim is without merit. Even without a liberal reading, the effect of the counts is clearly to charge Jackson with using phones powered by Nextel Communications and Cingular Wireless Cellular Services. The counts clearly gave Jackson notice of the charges he faced.

Second, Jackson argues the counts are invalid because they fail to charge that he "knowingly or intentionally" used the communication facilities. 21 U.S.C. § 843(b) states, in part, that it "shall

be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this title or title III." Jackson argues that because the counts do not use the language "knowingly or intentionally" they omit an element of the offense, and are thus invalid.

This argument is also without merit. In *U.S. v. Martinez*, 981 F.2d 867 (6th Cir. 1992), the defendant made an almost identical claim, arguing that two counts of the indictment were invalid because they did not contain the words "knowingly" or "intentionally." The Sixth Circuit rejected that claim, holding that "[a]lthough it is true that the indictment did not include these words, we believe that the indictment was sufficient." *Id.* at 871-72. The Sixth Circuit further held that "although the indictment does not expressly allege willfulness, it does allege the appropriate sections of the United States Code. We believe that citation to the statutes informed [the defendant] of the elements of the charged offenses." *Id.* at 872. In the instant case, the counts charged Jackson with "unlawfully" using the communication facility in violation of 21 U.S.C. § 843(b). The counts clearly informed Jackson of the elements of the charged offenses.

### III. CONCLUSION

For the above reasons, Jackson's motion is HEREBY DENIED.

IT IS SO ORDERED.

                                       s/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated: October 23, 2006

### CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2006.

                  s/Marie E. Verlinde
                   Case Manager
                   (810) 984-3290