**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

CRIMINAL NO. 05-80810
HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

          Defendants.
_____/

**OPINION AND ORDER DENYING MOTION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 23, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Jackson's motion for mistrial, or admission of oral statement, or a seven day adjournment. The Government has responded to the motion. For the reasons set forth below, Jackson's motion is DENIED.

**II. BACKGROUND**

Trial in this case commenced on October 11, 2006. On October 17, 2006, Jackson learned, through the testimony of Government witness Special Agent Fountain, that Felix Batanco made statements to Special Agent Gibson that were summarized in a report.[1] The

---

[1] Felix Betanco, a codefendant in this case, was arrested on May 30, 2005. Betanco provided a written statement, and made oral statements to Special Agent Gibson. Betanco was subsequently released, and is now a fugitive.

Government subsequently provided Jackson with the report, and the instant motion followed.

### III. ANALYSIS

Jackson argues that Special Agent Gibson's report summarizing Betanco's oral statements constitutes *Brady* material that should have been made available prior to trial. Jackson claims that the Court must either grant a mistrial, admit the oral statements, or grant a seven day adjournment of trial.

In a criminal proceeding, the Government must turn over to the defendant exculpatory information that is "material to either guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, "the issue of materiality for *Brady* purposes pertains only to the question of a defendant's guilt or innocence, not to the issue of a defendant's ability or inability to prepare for trial." *U.S. v. Phillip*, 948 F.2d 241, 249 (6th Cir. 1991). Furthermore, "information withheld by the prosecution is not material unless the information consists of, or would lead directly to, evidence admissible at trial." *Id.* A *Brady* violation only occurs if "the prosecution failed to disclose the evidence to the defense." *Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004).

As an initial matter, the Court is uncertain whether Betanco's oral statements constitute exculpatory evidence. Jackson argues that the statements are exculpatory because Betanco stated, inter alia, that he met a black male who said his name was "Rojo" at a gas station in connection with a drug transaction. "Rojo" is the alias of another codefendant in this case, Todd Benally. The Government is alleging that Jackson is the individual who met Betanco at the gas station. Thus, Jackson claims that Betanco's statement exonerates him. However, the Court notes that Benally is not a black male, but Jackson is. Because Betanco said he met a black male, his statement is not necessarily inconsistent with the Government's claim.

However, even assuming the statements are exculpatory, Jackson is not entitled to the relief his seeks. Jackson seeks either a mistrial, or the admission of the statements, or a seven day adjournment. The Court notes that Jackson has filed a separate motion for the admission of Betanco's statements. Thus, the Court will address that issue in its ruling on that motion.

However, regardless of the Court's ruling on the admissibility of Betanco's statements, Jackson is not entitled to a mistrial. If the Court rules the statements are inadmissible, they are not *Brady* material, and the Government was not required to disclose them. If the Court admits the statements, there is also no *Brady* violation, because the information was given to Jackson and admitted into evidence.

Likewise, Jackson is not entitled to a seven day adjournment. As noted above, "the issue of materiality for *Brady* purposes pertains only to the question of a defendant's guilt or innocence, not to the issue of a defendant's ability or inability to prepare for trial." *Phillip*, 948 F.2d at 249.

## IV. CONCLUSION

For the above reasons, Jackson's motion is HEREBY DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: October 23, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290