UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIMINAL NO. 05-80810

    Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 23, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Jackson's motion to admit Felix Betanco and Juan Penuelas's oral statements [dkt. 318]. The Government has responded to the motion. For the reasons set forth below, Jackson's motion is GRANTED IN PART.

## II. BACKGROUND

On May 30, 2005, Felix Betanco, a codefendant in this case, was arrested. After being advised of his Miranda rights, Betanco made oral statements to DEA Special Agent Gibson. Betanco is now a fugitive, and Jackson wishes to have the statements admitted. The Court has not been provided with any information regarding the statements of Juan Penuelas; thus, only the portion of Jackson's motion relating to Betanco will be decided at this time.

### III. ANALYSIS

Jackson argues that Betanco's statements are admissible pursuant to Federal Rule of Evidence 804(b)(3). The rule allows the admission of:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the defendant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

In *Williamson v. U.S.*, 512 U.S. 594 (1994), the Supreme Court held that an entire narative containing inculpatory statements is not admissible. Rather, only the statements that directly expose the declarant to criminal liability are admissible.

Betanco made several statements detailing how he was hired to transport marijuana to Michigan. Those statements tend to expose Betanco to criminal liability. In addition, it is uncontested that Betanco is unavailable. Thus, the critical issue is whether corroborating circumstances clearly indicate the trustworthiness of the statement.

The Sixth Circuit has held that 804(b)(3) statements are admissible if the circumstances under which they were made indicate the trustworthiness of the declarant. In *U.S. v. Price*, 134 F.3d 340 (6th Cir. 1998), the Sixth Circuit held that:

> The District Court, however, failed to appreciate that 804(b)(3) does not require that the information within the statement be clearly corroborated; it requires only that there be corroborating circumstances which clearly indicate the trustworthiness of the statement, itself. . . . Rule 804 does not describe precisely what type of corroborating circumstances clearly indicate trustworthiness, but case law has identified three circumstances which are particularly relevant. In *United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984), cert. denied, 469 U.S. 1111, 105 S. Ct. 792, 83 L. Ed. 2d 785 (1985), the court found that one important corroborating circumstance exists if the involved parties do not have a close relationship. Two additional factors were identified in *United States v. Garcia*, 897 F.2d 1413, 1421

(7th Cir. 1990): (1) the statement was made after the declarant had been advised of his Miranda rights, and (2) there was no evidence that the declarant made the statement in an effort to curry favor with the authorities.

*Id.* at 648-49.  In the instant case, Betanco does not have a close relationship with Jackson, and made the statements after being advised of his Miranda rights.  Furthermore, there is no evidence Betanco made the statements in order to curry favor with authorities.  Thus, pursuant to *Price*, Betanco's inculpatory statements are admissible.

## IV. CONCLUSION

For the above reasons, Jackson's motion is GRANTED IN PART.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  October 23, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290