**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        CRIMINAL NO. 05-80810
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

   Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 31, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Jackson's motion to admit Todd Benally's oral statements [dkt. 335]. The Government has responded to the motion. For the reasons set forth below, Jackson's motion is DENIED.

**II. BACKGROUND**

The indictment in the instant case was entered in October 2005. On January 26, 2006, named Defendant Todd Benally gave a proffer interview with the Assistant United States Attorney and DEA agents. Benally's attorney was present, and the interview was conducted pursuant to a Kastigar letter, which guaranteed that any statements made by Benally would not be used against him if he told the truth. Benally cannot now be located to testify at trial, and Jackson seeks to have certain statements made during the proffer interview admitted.

## III. ANALYSIS

Jackson argues that Benally's statements are admissible pursuant to Federal Rule of Evidence 804(b)(3). The rule allows the admisision of:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the defendant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

As a threshold matter, in order for Benally's statements to be admitted pursuant to Rule 804(b)(3), they must have tended to subject him to criminal liability. However, Benally's statements do not meet this requirement. The statements were made pursuant to a Kastigar letter, which, as stated above, provided that the statements would not be used against Benally if he told the truth. In *United States v. Williams*, 809 F.2d 1072 (5th Cir. 1987), the Fifth Circuit noted that "Rule 804(b)(3) applies only to statements against interest. Grossman made the statements to the DEA under the protection of immunity and therefore they were not statements against his interest." *Id.* at 1083.

The fact that Benally was only given conditional immunity regarding his statements is of no significance. Provided Benally told the truth, his statements could not be used against him, and thus could not be used to subject him to criminal liability. Therefore, Rule 804(b)(3) does not apply, and the statements are not admissible.

Even if the statements were considered to be against Benally's interest, they would still not be admissible pursuant to Rule 804(b)(3). Because Jackson is offering the statements to exculpate himself, the statements are not admissible unless corroborating circumstances clearly indicate their

trustworthiness.  The Sixth Circuit has held that:

> Rule 804 does not describe precisely what type of corroborating circumstances clearly indicate trustworthiness, but case law has identified three circumstances which are particularly relevant.  In *United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984), cert. denied, 469 U.S. 1111, 105 S. Ct. 792, 83 L. Ed. 2d 785 (1985), the court found that one important corroborating circumstance exists if the involved parties do not have a close relationship. Two additional factors were identified in *United States v. Garcia*, 897 F.2d 1413, 1421 (7th Cir. 1990): (1) the statement was made after the declarant had been advised of his Miranda rights, and (2) there was no evidence that the declarant made the statement in an effort to curry favor with the authorities.

*U.S. v. Price*, 134 F.3d 340, 348 (6th Cir. 1998).  In the instant case, Benally's proffer interview was conducted in the course of plea negotiations, and the parties eventually agreed upon a Rule 11 Plea Agreement.  Thus, Benally had something to gain by offering the Government information, and the circumstances indicate that Benally's statements were made in order to curry favor with the Government.  Thus, the corroborating circumstances do not clearly indicate that Benally's statements were trustworthy, and they are not admissible pursuant to Rule 804(b)(3).

## IV. CONCLUSION

For the above reasons, Jackson's motion is DENIED.

IT IS SO ORDERED.

Date:  October 31, 2006

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing Opinion and Order  was served on the attorneys of record herein by electronic means or U.S. Mail on **October 31, 2006**.

s/Kim Grimes
Acting in the absence of
Marie Verlinde, Case Manager