UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                        CRIMINAL NO. 05-80810
    Plaintiff,                      HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 8, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' motion for judgment pursuant to Rule 29 [dkts. 338, 343].  The Government has responded to the motions.  Pursuant to Rule 29(b), the Court may submit the case to the jury and decide the motion after the jury has returned its verdict.  The jury returned a verdict in this case on November 2, 2006.  Defendant Jackson was found guilty on count 1, and not guilty on counts 9 and 10.  Defendant Clark was found guilty on counts 1, 2, 4, 5, 7, 11, 13, 33, 41, and 42.  Clark was found not guilty on counts 6, 9, 35, and 36.  For the reasons set forth below, Defendants' motions are DENIED.

**II. STANDARD**

Rule 29(a) of the Federal Rules of Criminal Procedure states, in part, that "the court on the

defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The Sixth Circuit has held that the evidence need not be direct to be sufficient, and "[i]t is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). The defendant bears a heavy burden when challenging the sufficiency of the evidence, and the court must view the evidence in the light most favorable to the Government. *United States v. Davis*, 397 F.3d 340, 344 (6th Cir 2005). Furthermore, when determining the sufficiency of the evidence, the Court must not assess the credibility of the witnesses. *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994).

### III. ANALYSIS

**A.   Defendant Jackson**

Jackson argues that the evidence is insufficient to support a conviction on counts 9 and 10. The jury acquitted Jackson on these counts, thus, Jackson's motion is denied as moot.

**B.   Defendant Clark**

Clark is charged with conspiracy to possess with intent to distribute marijuana, conspiracy to possess with intent to distribute cocaine, running a continuing criminal enterprise, unlawful use of a communications facility, conspiracy to launder monetary instruments, and laundering monetary instruments.[1] Clark was found not guilty on two of the unlawful use of a communications facility counts, and the two money laundering counts. Thus, his motion with respect to those counts is moot.

   *1.   Conspiracy with intent to distribute marijuana*

---

[1] Clark was also charged with two counts of being a felon in possession of a firearm, but his motion does not address those counts.

Clark acknowledges that there is a phone call where he references a load of marijuana, but notes that there is no surveillance of any sale of marijuana by Clark, and no marijuana was ever seized from Clark. Clark also points to inconsistencies in the statements of three Government witnesses, Melvin Reed, Cornell Lewis, and Kevin Youngblood. These witnesses are former drug dealers who testified regarding Clark's involvement in dealing marijuana. Clark argues they are not credible, and that there is insufficient evidence to support the marijuana charge. However, as noted above, the Court must view the evidence in the light most favorable to the Government, and may not evaluate the credibility of witnesses. Therefore, the Court finds that there is sufficient evidence to support the conviction on the marijuana charge.

*2.     Conspiracy with intent to distribute cocaine*

Clark also argues that there is insufficient evidence to support the cocaine charge, because the only evidence supporting the charge is the testimony of the three Government witnesses described above. However, because the Court may not assess the credibility of the witnesses, it must hold that there is sufficient evidence to support the conviction on the cocaine charge.

*3.     Continuing criminal enterprise*

Clark argues that the Government produced direct evidence of only one narcotics transaction, the marijuana shipment on May 30, 2005. Clark notes that elements of the continuing criminal enterprise charge are involvement in three or more related violations of the federal drug laws, and a supervisory position over five or more individuals. Clark argues that the evidence is insufficient to support this charge. However, the evidence produced at trial, including the testimony of Reed, Lewis, and Youngblood, showed that Clark had supervisory control of Jackson, Lewis, Charles Gadson, Gerald Allen, and several other unnamed individuals. Reed, Lewis, and Youngblood also

3

testified that they engaged in more than three narcotics transactions with either Clark directly, or with individuals working for Clark. Youngblood also testified that on more than one occasion he engaged in a narcotics transaction with Clark where five or more individuals were assisting with the transaction under Clark's direction. Viewing the evidence in the light most favorable to the Government, the Court holds that there is sufficient evidence to support the conviction on the continuing criminal enterprise charge.

    *4.*    *Unlawful use of a communications facility*

Count 5 involves telephone calls between Clark and Youngblood in February 2005. Count 7 involves a telephone call between Clark and Charles Gadson in April 2005. Count 11 involves telephone calls between Clark and Juan Penuelas ("Tio") in May 2005. Count 13 involves a telephone call between Clark and Todd Benally in June 2005. Count 33 involves a telephone call between Clark and Felix Betanco in May 2005. Clark argues that there is insufficient evidence to support all of the above counts. The Court finds that the testimony of Reed, Lewis, and Youngblood, as well as the testimony of the DEA agents, the phone records, and the content of the calls themselves, provide sufficient evidence to support the conviction on the telephone charges.

## IV. CONCLUSION

For the above reasons, Defendants' motions are HEREBY DENIED.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: November 8, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 8, 2006.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290