UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  CASE NO. 05-80810
vs.                                HON. LAWRENCE P. ZATKOFF

D-4 JAMES SIGMUND JACKSON,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 17, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion and Application for Release on Bail Pending Appeal (Docket #540). The Government has filed a response. As the Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, the Court finds that the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining additional oral arguments. For the reasons that follow, Defendant's Motion is denied.

## II. BACKGROUND

On October 6, 2005, Defendant was indicted by a grand jury and charged with Conspiracy to Possess with Intent to Deliver Marijuana, in violation of 21 U.S.C. §§ 841 and 846 (Count 1), and Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843 (Counts 9 and 10). Following a jury trial in October 2006, Defendant was convicted of Count 1 but acquitted on Counts 9 and 10. Upon hearing the jury's verdict, the Court ordered that Defendant's bond be revoked and remanded Defendant into custody.

Based on Defendant's criminal history, his conviction was punishable by 10 years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(vii). On January 25, 2007, the Court sentenced Defendant to 15 years imprisonment. Defendant timely appealed his conviction and sentence to the Sixth Circuit Court of Appeals on February 2, 2007.

## III. ANALYSIS

In his Motion, Defendant seeks release on bail pending resolution of his appeal, and he relies on 18 U.S.C. § 3143(b)(1) and 18 U.S.C. § 3145(c). Defendant argues, among other things, that:

(1)  he "[p]oses no significant risk and is not likely to flee,"

(2)  he "[p]oses no significant threat or danger to any person or to the community if released on bond[,]" and

(3)  "there are exceptional reasons existing to clearly show that his detention would not be appropriate, to permit the judicial officer, under appropriate conditions, to ORDER his Release on Bail Pending Appeal pursuant to Title 18, U.S.C. § 3145(c); and in light of" a federal district court case from Kentucky, a federal district court case from Tennessee, as well as a Second Circuit case.

The Court first observes that Defendant's reliance on 21 U.S.C. § 3143(b)(1) is misplaced,

2

as Defendant "ignores" the key introductory phrase of section 3143(b)(1). Section 3142(b)(1), including the introductory phrase (emphasis added), provides:

> ***Except as provided in paragraph (2),*** the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds –
> . . .

21 U.S.C. § 3143(b)(2) provides that, upon a conviction and imposition of a sentence for crimes such as violating 18 U.S.C. §§ 841(a) and 856, <u>a defendant's detention is mandatory</u>:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142[1] and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained.

21 U.S.C. § 3143(b)(2).

Defendant's reliance on 18 U.S.C. § 3145(c) also lacks merit. Section 3145(c) provides:

> An appeal from a release or detention order, or from a decision denying revocation or amendment of such order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143[(b)(2)], and who meets the conditions of release set forth in section 3143[(b)(1)], may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are **exceptional reasons** why such person's detention would not be appropriate.

Defendant is subject to detention pursuant to section 3143(b)(2); thus, Defendant first must meet the conditions of release in section 3143(b)(1). Section 3143(b)(1) requires a finding by the Court that

---

[1] 18 U.S.C. § 3142(f)(1)(C) covers the offense for which Defendant was convicted, *i.e.*, an "offense for which a term of imprisonment of ten years or more is prescribed by the Controlled Substances Act . . ."

Defendant "is not likely to . . . pose a danger to the safety of any other person or the community if released[.]"  As set forth by the Court in its Memorandum Opinion and Order dated January 25, 2007, however, Defendant's contentions that he is not a threat or danger to any person or the community are belied by his history:

> **2. The History and Characteristics of the Defendant**
>
> In 1981 Jackson was convicted of attempted larceny; no details of the crime are available.  In 1989 Jackson was convicted of carrying a concealed weapon and possession of a controlled substance. He was sentenced to 365 days and five years of probation. In 1991, Jackson pled guilty to carrying a concealed weapon. Detroit police had received a report of shots fired, and when they arrived on the scene they observed Jackson and another male exiting a vehicle. The officers found two firearms in the vehicle. Jackson was sentenced to 15 months to 5 years. Jackson also pled guilty to a parole violation, and was sentenced to 18 to 48 months. In 2000 Jackson was convicted of being a felon in possession of a firearm. Jackson was found in possession of 3 firearms, which he obtained through false documents. Jackson was sentenced to 24 months and 3 years supervised release. While on supervised release, Jackson pled guilty to domestic violence in 2003. Jackson threw the mother of one of his children onto a sofa and struck her multiple times.
>
> Jackson's criminal history indicates that he poses a substantial risk to the community. The Court is particularly troubled by Jackson's repeated violation of state and federal firearm laws. The Court is also troubled by the fact that Jackson committed additional crimes while on parole and supervised release. The Court notes that Jackson has provided numerous letters from family and friends describing his good character. However, these letters do not change the fact that Jackson has an extremely serious criminal history.

*See* Docket #433 at 5-6.  The Court also finds that Defendant has not supplied the Court with any reason to think that Defendant "poses [any less of] a substantial risk to the community" today.  Finally, the Court finds that Defendant has offered no "exceptional reasons" why his detention is not appropriate.  Rather, Defendant simply rehashes the issues he has raised on appeal.

4

For the foregoing reasons, the Court concludes that Defendant has not met his burden of establishing that he is entitled to release pending resolution of his appeal and, accordingly, denies Defendant's Motion.

### III.  CONCLUSION

Accordingly, and for the reasons stated above, Defendant's Motion and Application for Release on Bail Pending Appeal (Docket #540) is DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 17, 2010.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290